# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-06240 |
| | ) | Chapter 11 |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge Keith M. Lundin |

| | | |
|---|---|---|
| NUKOTE INTERNATIONAL, INC. | ) | Adversary Proceeding |
| | ) | No. 09-00341A |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICE DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S STATEMENT AND NOTICE REGARDING RESPONSE STATUS OR, ALTERNATIVELY, REQUEST TO EXTEND DEADLINE

COMES NOW Nukote International, Inc. ("Nukote" or the "Debtor") and files this Statement and Notice Regarding Response Status or, Alternatively, Request to Extend Deadline (the "Request"), and in support of this Request, Nukote would respectfully show the Court as follows:

1.      On November 16, 2009, the United States District Court for the Middle District of Tennessee (the "Tennessee District Court") entered an Order and Memorandum (the "Withdrawal/Transfer Order"). Pursuant to that Order and Memorandum, the standing reference to this Court was withdrawn, and this case will be transferred to the United States District Court for the Southern District of Florida (West Palm Beach Division).

- 1 -

2. Through the happenstance of timing, Nukote finds itself in an odd procedural position. On November 12, 2009, in lieu of filing an Answer, Office Depot filed a Motion to Dismiss. Given that the Tennessee District Court had not ruled at that time and the reference had thus not yet been withdrawn, the Motion to Dismiss was filed with this Court. Under this Court's local rules, in the absence of a scheduling order in this adversary proceeding, there is technically not a stated date by which a response to the Motion to Dismiss is due to be filed. Therefore, there is no "deadline" and it is appropriate that Nukote file nothing at this time.

3. As noted above, the timing of proceedings and filings in this case has created an unusual situation. While no response is "due" in this Court (where the Motion to Dismiss was filed), the local rules for the Tennessee District Court could be read to require that, had the Motion to Dismiss been filed in the Tennessee District Court, a response be filed today. Nukote recognizes that the Motion to Dismiss is not pending before the Tennessee District Court, that the Tennessee District Court is wholly unaware that a Motion to Dismiss was filed, and, that even if it were aware of same, the Tennessee District Court would (more likely than not) decline to take any action given its entry of the Withdrawal/Transfer Order. The Tennessee District Court has ruled and likely presumes it has nothing left to do in this case.

4. Furthermore, pursuant to the local rules for the Florida District Court, the court to which this case is in the process of being transferred, if one agrees with the awkward assumption that a deadline in Florida can arise from a filing in Tennessee (which Nukote does not concede), a response may be due as soon as November 30, 2009. The filing of a response to the Motion to Dismiss in Florida on or before November 30th, however, presupposes the existence of a pending case in Florida. The clerk of the court for the Tennessee District Court, however, will not even

- 2 -

instigate the venue transfer until at least ten (10) days have passed since the entry of the Withdrawal/Transfer Order - or not until at the earliest November 26, 2009, which happens to be a federal holiday and Thanksgiving Day. Again, assuming for the sake of argument and out of an abundance of caution that a filing in Tennessee could conceivably trigger a response deadline in a not-yet-transferred case in Florida, the likelihood of this case actually being transferred and docketed in Florida by November 30th is slim.

5.     Once the case is transferred and docketed in the Florida District Court, Nukote will request a status conference (or such other appropriate hearing) so that the Florida District Court may enter a scheduling order and take any other action it deems necessary. This will ensure that both Nukote and Office Depot will be fully apprised of all filing and response deadlines under that Court's local rules, including but not limited to Nukote's response deadline to the Motion to Dismiss. A Motion to Dismiss is not a pleading to be taken lightly. Under the rather unusual procedural history thus far, Nukote believes such clarification by the court that will try this case is appropriate.

6.     Nukote recognizes that it will need to respond to Office Depot's Motion to Dismiss at some point. Even if it is assumed that a deadline can be running under the Florida District Court local rules prior to the actual transfer of this case, Nukote cannot file a response in the Florida District Court because there is no pending case in which to file one. Nukote likewise cannot file a response in this Court because the reference has been withdrawn and this Court now lacks jurisdiction. And, finally, Nukote cannot file a response in the Tennessee District Court because the Motion to Dismiss was not filed in the Tennessee District Court, and that court has ruled and ordered that the case be transferred to Florida.

7.      Nukote finds it highly unlikely that any court would take any action on the Motion to Dismiss under these circumstances. Nukote finds it equally unlikely that Office Depot would actually request a dismissal by default. This pleading is simply filed to avoid any later argument by any party, or the perception by any court, that Nukote wantonly disregarded any response deadline with which it should have complied. Once this case is transferred and docketed in the Florida District Court, Nukote will continue to vigorously prosecute its claims against Office Depot. As a part of same, Nukote will respond and defend against the Motion to Dismiss by whatever response time is ordered by that court.

8.      Alternatively, should any court of competent jurisdiction determine that a response deadline is currently applicable, Nukote would request an order extending any such response deadline for sixty (60) days. Prior to the expiration of sixty (60) days, this case should be transferred, docketed and moving forward before the Florida District Court.

**WHEREFORE, PREMISES CONSIDERED**, Nukote would request that this Court accept this pleading as notice of Nukote's affirmation of its obligation to timely respond to the Motion to Dismiss upon the transfer of this case to Florida and within any response time set by that court. Alternatively, should any court of competent jurisdiction deem any action necessary or appropriate, Nukote would request that such court extend any response deadline on the Motion to Dismiss for sixty (60) days, and for such other and further relief as such court deems appropriate.

- 4 -

DATED: November 23, 2009

Respectfully submitted,

**WRIGHT GINSBERG BRUSILOW P.C.**


By:   */s/ Frank J. Wright*
    Frank J. Wright
    Texas Bar No.22028800
    Paul B. Geilich
    Texas Bar No. 07792500
    C. Ashley Ellis
    Texas Bar No. 00794824
    Thomas P. Bingman, III
    Texas Bar No.24060919

600 Signature Place
14755 Preston Road
Dallas, TX  75254
(972) 788-1600
(972) 239-0138 (fax)
Email: bankruptcy@wgblawfirm.com


and

**HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.**
Craig V. Gabbert, Jr.
Barbara D. Holmes
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
Telephone: (615) 256-0500
Facsimile: (615) 251-1059 (fax)
Email:  cvg or bdh@h3gm.com

**ATTORNEYS FOR DEBTORS**

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 23rd day of November, 2009, by electronic service through the Court's CM/ECF system to:

Paul G. Jennings
Gene L. Humphreys
Bass, Berry & Sims PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238-3001

Paul T. Hourihan
Beth A. Levene
Williams & Connolly LLP
752 12th St., N.W.
Washington, DC 20009


*/s/ C. Ashley Ellis*
C. Ashley Ellis


I:\9100s\9134\Pleadings\Nukote vs Office Depot Adversary\Request Extend Deadlines.wpd